617 F.2d 385
 ALABAMA NURSING HOME ASSOCIATION, an unincorporated
association, James H. Estes Enterprises, Inc.,
etc. et al., Plaintiffs-Appellants,
v.
Patricia Roberts HARRIS, Secretary of Health and Human
Services, et al., Defendants-Appellees.
 No. 77-3398.
 United States Court of Appeals,
Fifth Circuit.
 May 7, 1980.
 
 John W. Kelly, III, Stanley B. Sikes, Selma, Ala., for plaintiffs-appellants.
 Robert E. Kopp, Robert S. Greenspan, Dept. of Justice, Jeffrey Golland, Dept. of HEW, Washington, D.C., Herman H. Hamilton, Jr., Asst. Atty. Gen., William K. Martin, Montgomery, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before CHARLES CLARK, RONEY and HENDERSON, Circuit Judges.
 CHARLES CLARK, Circuit Judge:
 
 
 1
 The Alabama Nursing Home Association and nine non-member institutions doing business in the long-term health care industry in Alabama[1] sought to enjoin the imposition of a ten percent reduction in Medicaid payments made in Alabama in August and September, 1977. The district court denied the requested relief and the plaintiffs appealed.[2] We affirm.
 
 
 2
 On February 1, 1977, the plaintiffs brought this action against various state and federal officers and departments charged with administering the Medicaid program in the State of Alabama. They charged that the reimbursement rate ceilings then in effect[3] failed to provide reimbursement "on a reasonable cost related basis" as required by 42 U.S.C. § 1396a(a)(13)(E). The state officials did not dispute that the reimbursement methodology was not made on a reasonable cost related basis. Rather, they contended the reimbursement rate ceilings were made necessary by the failure of the state legislature to appropriate sufficient funds to pay for the increase in expenditures that would result if rates were set on such a basis.
 
 
 3
 The case was submitted to Judge Frank M. Johnson, Jr., on the plaintiffs' motion for summary judgment, the federal defendants' motion for summary judgment, and the state defendants' motion to dismiss.[4] In a memorandum opinion dated July 12, 1977, Judge Johnson determined that the payment methodology utilized by the State of Alabama violated § 1396a(a)(13)(E). Alabama Nursing Home Ass'n v. Califano, 433 F.Supp. 1325 (M.D.Ala.1977). In an order dated July 12, 1977, Judge Johnson enjoined the state officials from failing to submit to HEW[5] within sixty days a plan complying with the requirements of § 1396a(a)(13)(E) and from failing to implement the plan once it was approved by HEW.[6]
 
 
 4
 On June 28, 1977, state officials notified all Medicaid provider institutions of the state's intention to impose a ten percent reduction in Medicaid payments for services rendered in August and September, 1977. On September 7, 1977, the plaintiffs filed a motion for supplemental relief in this action, seeking to enjoin the reduction in payments as violative of Judge Johnson's July 12, 1977, order.[7] This motion for supplemental relief was submitted to Judge Robert E. Varner, who determined that the July 12, 1977, order did not bar the ten percent reduction in Medicaid payments.[8] We agree.
 
 
 5
 The sole issue presented for review is whether Judge Johnson's July 12, 1977, order bars the imposition of the ten percent reduction in Medicaid reimbursement payments. Counsel for the plaintiffs conceded at oral argument that any other claims the plaintiffs might have to the funds withheld in August and September, 1977, are barred by the eleventh amendment. See Edelman v. Jordan, 415 U.S. 651, 97 S.Ct. 1347, 39 L.Ed.2d 662 (1974).
 
 
 6
 The plaintiffs argue that the ten percent cutback violates the July 12, 1977, order first, because the state based the reduction solely on budgetary considerations, and second, because the reduction, like the underlying reimbursement ceiling, was not made on a reasonable cost related basis. The plaintiffs correctly note that Judge Johnson rejected budgetary considerations as an excuse for failing to comply with federal Medicaid standards. Alabama Nursing Home Ass'n v. Califano, 433 F.Supp. at 1330. They also correctly note that Judge Johnson found that the state's practice of reimbursing nursing homes on something other than a reasonable cost related basis violated § 1396a(a)(13) (E). Id. at 1331. See note 6, supra. However, the plaintiffs fail to note the precise, pragmatic remedy afforded by Judge Johnson.
 
 
 7
 Every order granting an injunction must be specific in its terms and must describe in reasonable detail the act or acts that are enjoined. Fed.R.Civ.P. 65(d). This requirement of specificity and reasonable detail, based in part on notions of basic fairness, ensures that individuals against whom an injunction is directed receive explicit notice of the precise conduct that is outlawed. Marshall v. United States, 414 U.S. 473, 476, 94 S.Ct. 713, 715, 38 L.Ed.2d 661, 664 (1974); Gunn v. University Committee to End the War in Viet Nam, 399 U.S. 383, 388-89, 90 S.Ct. 2013, 2016-17, 26 L.Ed.2d 684, 688 (1970); Longshoremen's Ass'n Local 1291 v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 74-76, 88 S.Ct. 201, 207-08, 19 L.Ed.2d 236, 244-45 (1967). In determining whether a particular act falls within the scope of an injunction's prohibition, particular emphasis must be given to the express terms of the order. An injunction does not prohibit those acts that are not within its terms as reasonably construed. Sierra Club v. Callaway, 499 F.2d 982, 991 (5th Cir. 1974). Great deference is due the interpretation placed on the terms of an injunctive order by the court who issued and must enforce it.
 
 
 8
 The July 12, 1977, order granted a prospective remedy. Although recognizing that the reimbursement rate ceilings then in effect violated § 1396a(a)(13)(E), the order did not require the immediate implementation of a conforming plan. Rather, it expressly provided for a sixty-day period during which the state officials were to formulate and submit to HEW a reimbursement methodology that complied with § 1396a(a)(13)(E). The order required immediate implementation of reasonable cost related payments only after the state officials secured final HEW approval of a conforming plan. The July 12, 1977, order clearly contemplated that reimbursement payments made during this interim period would not comply with § 1396a(a)(13)(E).[9] The terms of the injunction when reasonably construed do not prohibit the ten percent reduction in Medicaid reimbursement rates.
 
 
 9
 The judgment of the district court is affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The district court certified this as a class action brought on behalf "of all skilled nursing and intermediate care facilities located in Alabama which are provider institutions under the Medicaid Program."
 
 
 [2]
 This appeal was consolidated for oral argument with Alabama Nursing Home Ass'n v. Harris, 617 F.2d 388 (5th Cir. 1980)
 
 
 [3]
 Provider institutions received reimbursement on a per patient, per day rate. The rate of reimbursement could not exceed an absolute ceiling regardless of the institution's costs. At the time this action was initiated, a skilled nursing facility could receive a maximum of $21.50 per patient, per day, while an intermediate care facility could receive a maximum of $19.35 per patient, per day
 
 
 [4]
 The district court treated this rule 12 motion to dismiss as a rule 56 motion for summary judgment. See Fed.R.Civ.P. 12(b)
 
 
 [5]
 Congress redesignated the Department of Health, Education, and Welfare as the Department of Health and Human Services. See Department of Education Organization Act, § 509, 20 U.S.C. § 3508. All agency acts relevant to this appeal predated the redesignation. In this opinion we refer to the executive department as "the Department of Health, Education, and Welfare" or "HEW."
 
 
 [6]
 After denying the motions of the state and federal defendants, the order granted the following relief to the plaintiffs:
 
 
 [1]
 The class of all skilled nursing and intermediate care facilities located in Alabama which are provider institutions under the Medicaid Program be and is hereby certified
 
 
 [2]
 Federal regulation 45 C.F.R. § 250.30(a)(3)(iv) be and is declared to be in conflict with 42 U.S.C. § 1396a(a)(13)(E) and to be invalid
 
 
 [3]
 The practice of the defendant state officials of paying plaintiff nursing homes under the Medicaid Program on something other than a cost related basis, and specifically of imposing a ceiling on payment rates which is not reasonably cost related, be and is hereby declared to be a violation of 42 U.S.C. § 1396a(a)(13)(E)
 
 
 [4]
 The defendant state officials be and are hereby enjoined from failing to submit to the Department of Health, Education and Welfare a plan in compliance with 42 U.S.C. § 1396a(a)(13)(E) within 60 days and from (failing to implement) the plan forthwith when approved. If a conforming plan is not approved by the Department of Health, Education and Welfare within a reasonable time, the Court will order the state to begin paying in accordance with the statute
 
 
 [5]
 The defendants be and are hereby enjoined from applying 45 C.F.R. § 250.30(a)(3)(iv) as to plaintiffs or the plaintiff class
 
 
 [6]
 Defendants Joseph A. Califano, Jr., and Department of Health, Education and Welfare be and are hereby enjoined from approving any proposed Medicaid plan submitted by the State of Alabama that fails to comply with 42 U.S.C. § 1396a(a)(13)(E)
 
 
 [7]
 Counsel for the plaintiffs and counsel for the state officials advise both in their briefs and at oral argument that, during a June 23, 1977, conference, Judge Johnson was made aware of the state's intention to impose the ten percent reduction in Medicaid reimbursement payments yet declined to address the issue directly until it was properly before him
 
 
 [8]
 Judge Varner additionally determined that the plaintiffs' motion for supplemental relief was an effort to circumvent Fed.R.Civ.P. 4, 59(e). Because of our disposition of the merits of this appeal, we pretermit deciding the correctness of that determination
 
 
 [9]
 The July 12, 1977, order enjoined HEW "from approving any proposed Medicaid plan submitted by the State of Alabama that fails to comply with 42 U.S.C. § 1396a(a)(13)(E)." It further provided that "(i)f a conforming plan is not approved by (HEW) within a reasonable time, the (District) Court will order the state to begin paying in accordance with the statute." See note 6, supra