**PUBLISH**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————

No. 94-3397

———————————

D. C. Docket No. 88-977-Civ-T-25B


ALPHONSO CAVE,

Petitioner-Appellant,

versus

HARRY K. SINGLETARY, JR.,

Respondent-Appellee.

———————————

Appeal from the United States District Court
for the Middle District of Florida

———————————

**(May 22, 1996)**


Before KRAVITCH, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

Alphonso Cave appeals the district court's denial of his motion for enforcement of the writ of habeas corpus previously issued by the court. Cave argues that the district court was clearly erroneous in its determination that his attorney agreed to postpone the date for resentencing beyond the time period set forth in the district court's prior order granting the writ. He also argues that the district court erred in its conclusion that the prior order permitted postponement by consent of the parties. We affirm.

## I. BACKGROUND

In 1982 Cave was convicted of first degree murder, armed robbery, and kidnapping. Consistent with the jury's recommendation, the trial judge sentenced Cave to death. The Florida Supreme Court affirmed. Cave v. State, 476 So.2d 180 (Fla. 1985), cert denied, 476 U.S. 1178, 106 S.Ct. 2907 (1986). Cave's petition for state post-conviction relief was denied and the Florida Supreme Court affirmed. Cave v. State, 529 So.2d 293 (Fla. 1988).

Cave then filed his first petition for a writ of habeas corpus under 28 U.S.C.A. § 2254, which was granted in part by the district court. The district court held that Cave received ineffective assistance of counsel in both the guilt and sentencing phases of his capital trial, but that he suffered prejudice at only the sentencing phase. See Cave v. Singletary,

**971 F.2d 1513, 1520-30 (11th Cir. 1992) (appendix). Accordingly, the court vacated Cave's death sentence and ordered the state to resentence him. The district court's order forms the basis of the present dispute. In this order, issued on August 3, 1990, the district court stated, in relevant part:**

> **Petitioner's petition for habeas corpus relief is granted as to Petitioner's claim of ineffective assistance of counsel during the sentencing phase of his trial. Respondent the State of Florida is directed to schedule a new sentencing proceeding at which Petitioner may present evidence to a jury on or before 90 days from the date of this Order. Upon failure of the Respondent to hold a new sentencing hearing within said 90 day period without an order from this Court extending said time for good cause, the sentence of death imposed on the Petitioner will be vacated and the Petitioner sentenced to life imprisonment.**

**Id. at 1530. On August 13, 1990, Respondent filed a timely motion to alter or amend judgment and a motion to stay further proceedings pending reconsideration and appeal. On September 25, 1990, the district court granted Respondent's motion to stay proceedings pending appeal and denied Respondent's motion to alter or amend. We affirmed, id. at 1520,[1] and our mandate issued on September 17, 1992.**

**On October 20, 1992, the Honorable Thomas Walsh was designated as an acting circuit judge in Martin County, Florida, to preside over**

---

[1] We affirmed the district court's conclusion that Cave had received ineffective assistance of counsel at both phases of his capital trial, but that he had only suffered prejudice at the penalty phase. Id. at 1519-20. The parties did not raise and we did not address the portion of the district court's order at issue in this appeal.

3

Cave's resentencing, and the public defender's office was appointed to represent Cave. On October 22, 1992, Judge Walsh held a status conference at which a date for resentencing was established. After soliciting preliminary information from Mr. Phil Yacucci, the assistant public defender representing Cave, as to whether his office would have a conflict of interest in representing Cave, the following colloquy took place:

THE COURT: Okay. Alright, Judge Cianca has appointed your office to represent Mr. Cave [and] until further notice that's the way we're going to have it. I'm here to set this case for trial within the mandated time period. I'd be asking -- a couple of things are going to happen. First, I'm going to set this case for trial Monday morning -- I'm sorry, Monday afternoon commencing at 1:30 on November 30. Mr. Barlow [the prosecutor], I'm going to need an order from you . . . to transport [Cave] back here as soon as possible . . . .

MR. BARLOW: Yes, Judge.

THE COURT: As soon as he gets back here, Mr. Yacucci, I need you to sit down and talk with [Cave]. Review whatever you've got in your office if anything even exists as to this case at this time period. In the initial conversations with your client I want to know number one whether you are going to be ready for trial by November 30th. I need to know that as soon as possible so that we can coordinate. And I know that that is not a realistic time period and I know that you are coming into this brand new, but we're going to set it within the mandated time period and after speaking with your client if you need more time I'm going to give you a second date. I can give you three weeks on April 26th, which is Monday, and go on from there. I can give you two weeks on February 1st, and I'm not even sure if that's going to be enough time.

MR. YACUCCI: Judge, I would of course -- will be appearing on November 30. I anticipate if the public defender's office represents him that it will be at least until April seeing that this was

4

a death case. I have a call into the prior public defender who represented Mr. Cave. I will confer with him. I will also check all the records that exist in my office to see whether there is a conflict and if there is, if it is a continuing conflict, if it was just for the guilt phase whether it would continue into the penalty phase that we're at now and we wouldn't have to re-try the guilt, just the penalty phase. So all of those questions we just don't have the answers to now. I will talk to Mr. Cave as soon as he gets back and we will have those answers on November 30th.

THE COURT: Okay, well I'd hoped to have those answers long before November 30th. Once we get him back here then I would like to be notified after he gets back here by -- Mr. Barlow, you'll kind of know when he comes back, right?

MR. BARLOW: I will, Judge. I'll ask the sheriff's department to give me a call as soon as he hits the jail doors.

THE COURT: Alright, and if you'll notify me then I'll look at my calendar, have my judicial assistant call both of you all, and we'll set another hearing after you've had five or six days with him.

MR. YACUCCI: Fine.

THE COURT: And you'll have five or six days before he even gets here to find out about whether there is or is not a conflict.

MR. YACUCCI: We'll find that out.

THE COURT: And then we'll set any pending motions and let's get that part resolved as soon as possible, talk to him about whether he wants to try this case as expeditiously as possible, or if he wants to give you an opportunity to prepare for this. And we'll go from there. Other than transporting him today, getting the public defender appointed, and setting this case for trial, is there anything else we need to do at this time? Mr. Barlow --

MR. BARLOW: No, Judge, those were the issues that I outlined to the court administrator.

THE COURT: Mr. Yacucci?

MR. YACUCCI: No, Your Honor, I think that's it.

5

THE COURT: Okay, we'll be in recess on this one.

On November 17, 1992, Yacucci filed a motion to continue resentencing and the court set a new date of April 26, 1993. Yacucci stated in this motion that he needed additional time to investigate a ten-year old conflict which may have existed when Cave first went to trial. Further, Yacucci stated that he needed "at least until April, 1993 in order to secure and review trial transcripts, depositions and statements as well as to undertake a complete penalty phase background investigation which was apparently never done by Defendant's trial counsel in 1982 . . . ." Thereafter, upon motion by Yacucci to withdraw due to a continued conflict of interest, the court appointed a different attorney to represent Cave.

On April 6, 1993, Cave's new counsel moved for imposition of a life sentence for failure to comply with the 90-day time limit imposed by the district court's order. The state trial court denied the motion and thereafter conducted a resentencing hearing at which Cave was again sentenced to death. On September 21, 1993, the Florida Supreme Court vacated Cave's second death sentence and remanded the case for a new sentencing hearing before a different state trial judge. Cave v. State of Florida, 660 So.2d 705 (Fla. 1995).[2]

---

[2] The Florida Supreme Court vacated Cave's sentence on the grounds that Judge Walsh improperly decided a motion for his own disqualification from the case.

**Meanwhile, on August 19, 1993, Cave filed a motion requesting that the district court enforce its order granting the writ.[3]  Upon consideration of the transcript of the October 22, 1992, status conference, the state trial court's ruling rejecting Cave's motion for imposition of a life sentence, and its own prior order, the district court denied Cave's motion.[4]  Specifically, it found, in relevant part:**

> **The State Court timely commenced the re-sentencing proceedings on October 22, 1992 (Dkt. #72).  Upon agreement of the parties the trial date was set for November 30, 1992.  Upon the request of Petitioner's counsel, the trial was continued until April 1993.  Moreover, the record shows that following several other delays either caused or consented to by the Petitioner, an Order re-sentencing the Petitioner was entered on June 25, 1993.**

**Accordingly, the court held that "the re-sentencing of the Petitioner complied with this Court's order . . . . "  This appeal ensued.[5]**

---

[3]     He filed this motion immediately after the state court denied his motion to enforce the 90-day limitation period.

[4]     Although the same district court adjudicated Cave's motion for enforcement of the writ, a different district court judge presided over the matter.

[5]     In its brief, the State contends that Cave has failed to exhaust the issue of the effect of the habeas order in state court and therefore that he is precluded from seeking federal habeas relief based on this order.  See 28 U.S.C.A. § 2254(b) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ."); see generally Rose v. Lundy, 102 S.Ct. 1198 (1982) (discussing exhaustion doctrine).

Subsequent to the filing of the State's brief in this case, the Florida Supreme Court handed down its decision vacating Cave's second death sentence based on procedural flaws in the state trial judge's handling of a motion for his own disqualification.  In this opinion, the Florida Supreme Court noted, but did not address, Cave's claim that the district

7

## II. DISCUSSION

Cave argues that the district court's factual finding of an agreement between the parties to set the resentencing date beyond the 90-day time limit is clearly erroneous. He contends that the state judge set the date for November 30 under the erroneous assumption that this date was within the 90-day period. The transcript of the October 22 status conference, according to Cave, does not indicate that Yacucci agreed to a specific date for the trial, but rather, that he merely acquiesced in the court's determination.

We disagree. The district court's findings of fact with respect to the status conference are not clearly erroneous. As a preliminary matter, we note that under a calculation of time most favorable to Cave, the 90-day time period contemplated by the district court's August 3, 1990, order would not have expired as of the October 22 status conference.[6] The fact that this hearing was held within the 90-day period does not

court's habeas order mandated imposition of a life sentence. By remanding for resentencing on the disqualification motion issue, however, the Florida Supreme Court implicitly rejected Cave's habeas order claim: resentencing would have been moot if Cave's argument that he was entitled to a life sentence were valid. Therefore, even if Cave's claim regarding enforcement of the original habeas order had not been exhausted at the time his second habeas petition was filed in the court, it is certainly exhausted now that the Florida Supreme Court has rejected it. Cave has available no further state remedies with respect to this claim, and it is ripe for federal habeas review.

[6] In light of our resolution, we need not address the calculation of the 90-day time frame which is addressed by the dissent and disputed by the parties.

8

alone satisfy the terms of the district court's order. The critical issue is whether the parties agreed at the October 22 status conference to a particular resentencing date.

The district court's conclusion that an initial agreement was reached at the October 22 status conference is not clearly erroneous. A fair reading of the transcript from the status conference reveals an implicit agreement that resentencing would take place on November 30, 1992. Judge Walsh displayed appropriate concern that the sentencing proceedings commence within the 90-day period imposed by the district court. Judge Walsh explicitly offered Yacucci the opportunity to expedite resentencing if he desired. The significant fact is that all parties at the October 22 status conference concurred in the decision to hold the resentencing hearing on November 30 unless counsel for Cave requested a further extension. Our conclusion that there was such an agreement[7] derives strong support from the fact that the parties at the October 22 status conference explicitly noted that the 90-day period could be extended by later agreement. Both the court and counsel for Cave expressed the view that Cave's defense would need more time for

---

[7]  The dissent contends that the transcript of the October 22 status conference reveals mutual mistake and that such mistake should be borne by the State. We disagree. We believe the significant fact is that Cave's counsel agreed to a particular date. Whether he was laboring under a mistake of fact or law as to the true expiration date is less significant than the clear and obvious fact that the interests of his client required more time.

preparation. Indeed, such an understanding is evidenced by Yacucci's subsequent motion to postpone the sentencing hearing until April 1993.[8]

Even assuming that Yacucci agreed to extend the time for resentencing, Cave argues that any such agreement is a nullity because the district court's August 3, 1990, order provides that a further order of the district court was the exclusive means of extending the time.[9] We disagree. The district court construed the meaning of its own prior order as permitting extension of the original 90-day period by mutual agreement. The district court's interpretation of its own order is properly accorded deference on appeal when its interpretation is reasonable. See Commercial Union Ins. Co. v. Sepco Corp., 918 F.2d 920, 921 (11th Cir. 1990) (citing Alabama Nursing Home Ass'n v. Harris, 617 F.2d 385, 388

---

[8] Even if Yacucci's actions do not rise to the level of an implicit agreement to an extension, his actions-- i.e., actively discussing the date of the resentencing and the state of the defense preparation-- certainly constitute a waiver of any objection to the extension. The dissent rejoins that such waiver was not an "intentional relinquishment of a known right or privilege." See Johnson v. Zerbst, 58 S.Ct. 1019, 1023 (1938). We decline to apply that standard in this situation, i.e., far afield of its customary constitutional context. Cf. Schneckloth v. Bustamonte, 412 U.S. 218, 235, 93 S.Ct. 2041, 2052 (1973) ("Our cases do not reflect an uncritical demand for a knowing and intelligent waiver in every situation where a person has failed to invoke a constitutional protection."). Rather, any "right" or "privilege" in this case derives not from the Constitution, but solely from a strict construction of district court's August 3, 1990 order. The waiver at issue here is more analogous to the waiver resulting from the failure of counsel to object at trial. Cf. United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992) (en banc) (discussing difference between rights waivable by defense counsel on the defendant's behalf and those waivable only by the defendant).

[9] The dissent adopts this argument.

10

(5th Cir. 1980)). See also Matter of Chicago, Rock Island and Pacific R.R. Co., 865 F.2d 807, 810-11 (7th Cir.1988) ("We shall not reverse a district court's interpretation of its own order unless the record clearly shows an abuse of discretion. The district court is in the best position to interpret its own orders.") (citations and internal quotation marks omitted); Anderson v. Stephens, 875 F.2d 76, 80 n. 8 (4th Cir.1989) (appellate court must afford "the inherent deference due a district court when it construes its own order"); Michigan v. Allen Park, 954 F.2d 1201, 1213 (6th Cir. 1992) ("[A]n appellate court should accord deference to a district court's construction of its own earlier orders, if that construction is reasonable."). The district court's construction of its order is reasonable, especially in light of the fact that the extensions benefitted Cave. Thus, we hold that the sentencing proceedings in state court were not inconsistent with the district court's order or the mandate of this Court.[10]

## III. CONCLUSION

Accordingly, the judgment of the district court is AFFIRMED.

---

[10] In light of this conclusion, we need not address whether a district court possesses the authority to issue a conditional order permanently forbidding resentencing or, assuming such authority, whether the district court's August 3, 1990, order appropriately exercised such authority.