PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JTH TAX, INCORPORATED, d/b/a
Liberty Tax Service; THOMAS
BENNETT, d/b/a Liberty Tax Service;
JAMA CORLETO, d/b/a Liberty Tax
Service; CHARLES DAWSON, d/b/a
Liberty Tax Service; LANDSTOWN
PRESCHOOL, INCORPORATED, d/b/a
Liberty Tax Service; JAMES
FORGUSON, d/b/a Liberty Tax
Service; ANN MARIE FORGUSON,
d/b/a Liberty Tax Service; A&J TAX
SERVICE, d/b/a Liberty Tax Service;
ANNETTE HOBBS, d/b/a Liberty Tax
Service; DONNIE HOBBS, d/b/a
Liberty Tax Service; DANDA,
INCORPORATED, d/b/a Liberty Tax
Service; VINCENT JACKSON, d/b/a          No. 03-1250
Liberty Tax Service; DANIEL
LEPKOWSKI, d/b/a Liberty Tax
Service; FREEDOM TAX,
INCORPORATED, d/b/a Liberty Tax
Service; CHARLES LOVELACE, d/b/a
Liberty Tax Service; CREATIVE
MANAGEMENT SYSTEMS,
INCORPORATED, d/b/a Liberty Tax
Service; KATHLEEN PONTE, d/b/a
Liberty Tax Service; JOHN SEAL,
d/b/a Liberty Tax Service; MARCIA
SEAL, d/b/a Liberty Tax Service;
JMS TAX, INCORPORATED, d/b/a
Liberty Tax Service; SYED SHERAZI,
d/b/a Liberty Tax Service; B&L
INVESTMENT,

INCORPORATED, d/b/a Liberty Tax
Service; RICHARD SIMON, d/b/a
Liberty Tax Service; DENNIS
STUVER, d/b/a Liberty Tax Service;
DCM & B, LLC, d/b/a Liberty Tax
Service,
                    *Plaintiffs-Appellants,*

                    v.

H & R BLOCK EASTERN TAX
SERVICES, INCORPORATED; H&R
BLOCK TAX SERVICES, INCORPORATED,
                    *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CA-00-51-2)

Argued: December 4, 2003

Decided: February 25, 2004

Before NIEMEYER, MICHAEL and GREGORY, Circuit Judges.

Affirmed by published opinion. Judge Gregory wrote the opinion in
which Judge Niemeyer and Judge Michael joined.

**COUNSEL**

**ARGUED:** Carl Jay Khalil, JTH TAX, INCORPORATED, Virginia
Beach, Virginia, for Appellants. Gregory Neil Stillman, HUNTON &
WILLIAMS, L.L.P., Norfolk, Virginia, for Appellees. **ON BRIEF:**

K. Reed Mayo, Benita W. Ellen, HUNTON & WILLIAMS, L.L.P., Norfolk, Virginia, for Appellees.

## OPINION

GREGORY, Circuit Judge:

On March 7, 2001, the United States District Court for the Eastern District of Virginia, after finding that H&R Block Eastern Tax Services, Inc. and H&R Block Tax Services, Inc. (hereinafter "H&R Block") willfully and maliciously engaged in a false and misleading advertising campaign aimed at preventing JTH Tax, Inc. d/b/a Liberty Tax Service and thirteen of its franchisees (hereinafter "Liberty") from competing for customers, entered a permanent nationwide injunction against H&R Block requiring, among other things, that its advertisements "clearly and prominently" disclose whether an advertised product is actually a loan. On October 10, 2001 and January 10, 2002, Liberty filed two separate civil contempt motions alleging that H&R Block was in violation of the district court's injunction because its "Instant Money" advertisements used much smaller type and less apparent color print for the term "loan" than for terms such as "refund," "check today" and "instant money." Liberty further alleged that H&R Block's advertisements failed to "clearly and prominently" disclose whether an advertised product was a loan because the loan disclosures contained therein were placed in areas that increased the likelihood that they would go unnoticed and consequently unread. Liberty argued that the injunction's "clearly and prominently" language required that H&R Block's loan disclosures be presented in a manner that made them immediately noticeable to consumers.

The district court rejected Liberty's argument, holding that its injunction only required that H&R Block's loan disclosures be presented in a manner that would allow a reasonable person to notice and easily read them. In so holding, the court defined "prominent" according to the definition of "conspicuous" set forth in the Code of Virginia (the "Code"), which provides that "[a] term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it." VA. CODE ANN. § 8.1-202(10).

Applying this definition of "prominent," the district court found H&R Block to be in substantial compliance with its injunction because some of its advertisements used the same size type and color print for the term "loan," and, more importantly, in ads using different type and color print, the term "loan" was presented in a manner that allowed it to be easily read by a reasonable person.

On appeal, Liberty argues that the district court incorrectly defined "prominent" by determining that H&R Block's "Instant Money" advertisements "clearly and prominently" disclose whether an advertised product was actually a loan. Liberty also argues that the district court abused its discretion by denying its discovery request made during the initial contempt hearing seeking the opportunity to collect evidence of the harm it suffered because of H&R Block's alleged noncompliance.

Because we review a district court's denial of a civil contempt motion for abuse of discretion and because district courts are entitled to inherent deference when construing their own orders, we hold that the district court did not abuse its discretion by denying both of Liberty's contempt motions. Accordingly, we decline to reach Liberty's discovery challenge because its discovery request exclusively went to the issue of damages, an issue which is reached only after a violation is shown.

## I.

Liberty is a Delaware corporation that provides tax preparation services to individual taxpayers. Its corporate headquarters and principal place of business are in Virginia Beach, Virginia. In 2000, Liberty opened twenty-five franchise offices in the Tidewater region of Virginia. Twenty of these offices are located in Norfolk, Portsmouth, Virginia Beach, Chesapeake and Suffolk ("Hampton Roads area"). These offices represent the largest concentration of new or existing Liberty offices located within the United States.

H&R Block is a Missouri corporation with its principal place of business in Kansas City, Missouri. H&R Block is the largest provider of tax preparation services in the United States. In 1999, H&R Block prepared approximately one-third of the fifty million professionally

prepared income tax returns in the United States and processed over fifty percent of all federal income tax returns filed electronically. H&R Block has approximately thirty-one offices in the Hampton Roads area of Virginia.

One of the products offered by H&R Block to consumers is known as a "refund anticipation loan" ("RAL"). RALs allow taxpayers to obtain, through H&R Block's partnered lending institutions, short-term loans secured by their anticipated tax refund. In order to obtain a RAL, taxpayers must submit a loan application through which they certify and declare a number of things, including past bankruptcies and current outstanding debt. They must also agree to pay any collection costs and attorney's fees if the amount of their actual tax refund is less than the amount of their corresponding loan. Moreover, taxpayers are required to consent to "cross-collection" of delinquent loans from other banks. Lastly, taxpayers must pay any applicable tax preparation fees, interest fees and bank fees. RALs are generally obtained by low income consumers, a high percentage of which are unfamiliar with financial terminology. RALs are attractive to low income consumers because they allow these consumers to receive their tax refund checks within one to two days, whereas traditional electronic filings require a two to three week processing period.

During the 1990s, however, several states challenged the manner in which H&R Block advertised RALs. Specifically, these states alleged that H&R Block was engaging in deceptive advertising practices by concealing the fact that RALs are actually loans. As a result of these suits, H&R Block entered into a number of consent decrees through which it agreed not to misrepresent loans as refunds or use the term "rapid refund" to describe RALs. Among the states with whom H&R Block entered into a consent decree are: Connecticut, Florida and New York.

During the 2000 tax season, H&R Block began advertising in selected areas of the country a new loan product known as a "no additional cost refund anticipation loan" ("NACRAL"). NACRALs are very similar to RALs because they require taxpayers to submit loan applications through which they certify a number things. Moreover, they expose taxpayers to potential collection costs, attorney's fees and cross-collection efforts. NACRALs, however, differ from RALs in

that they do not require taxpayers to pay any additional fees, such as interest fees and lending fees.

One of the regions identified by H&R Block for the introduction of NACRALs was the Hampton Roads area, where it operated approximately thirty-one offices. At the same time that H&R Block began marketing NACRALs in the Hampton Roads area, Liberty opened twenty-five field offices in this same area. In marketing NACRALs in the Hampton Roads area, H&R Block employed slogans such as "refund," "refund amount," and "check in the amount of your refund." This marketing campaign proved to be successful as H&R Block's business in the Hampton Roads area increased by 24.8%. In other areas of Virginia where this marketing campaign was not employed, however, H&R Block's business only grew by 0.8%. Due to H&R Block's marketing success in the Hampton Roads area, Liberty was forced to offer free tax preparation services as a means of competing for customers.

On June 14, 2000, Liberty commenced an action in the United States District Court for the Eastern District of Virginia alleging that H&R Block's NACRAL marketing campaign employed false and misleading tactics in violation of the Lanham Act, 15 U.S.C. § 1125(a). After a bench trial, the district court concluded that a number of H&R Block's NACRAL advertisements violated the Lanham Act by concealing the fact that NACRALs are loans. *JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.*, 128 F.Supp.2d 926, 935-37 (E.D. Va. 2001). In addition, the district court concluded that H&R Block's marketing campaign violated the Internal Revenue Service's ("IRS") Publication 1345, which requires e-file providers to make "clear in the advertising [of RALs] that the taxpayer is borrowing against the anticipated refund and not obtaining the refund itself from the financial institution." *Id.* at 936 (quoting IRS Pub. 1345 § 12(.09), Rev. Proc. 98-50); *id.* at 943. The district court further concluded that H&R Block's deceptive practices were willful and malicious because H&R Block was (1) aware of the IRS' prohibition against referring to loans as refunds, (2) on notice that loans should not be marketed as refunds given its existing consent decrees, (3) encouraging the use of "refund," as evidenced by its internal study, over "loan" and (4) targeting the Hampton Roads area solely as a means of preventing Liberty from competing for consumers. *Id.* at 933.

The district court, however, concluded that it did not have sufficient evidence to give Liberty an award for its actual damages. Consequently, it awarded Liberty $506,477 of H&R Block's profits. *Id.* at 943-45. It also ordered H&R Block to pay Liberty's attorney's fees and costs. Most importantly, for purposes of this appeal, the district court issued a permanent nationwide injunction, which provides in pertinent part:

> [H&R Block] shall not:
>
> (1) advertise in violation of IRS Publication 1345, § 12(.09) of Revenue Procedure 98-50 . . . by representing any loan product, whether or not fees or interest are charged, as a "refund." In all advertisements, [H & R Block] shall comply with the IRS requirement to disclose whether any product is a loan. "Advance" shall be non-complying language. *The disclosure shall appear clearly and prominently in print advertisements* and shall be clearly stated in broadcast advertisements. . . .

*Id.* at 952 (emphasis added).

H&R Block appealed the district court's judgment, which we affirmed in part, vacated in part and remanded. *JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.*, 28 Fed. Appx. 207, 219-20 (4th Cir. 2002)(per curiam)(unpublished). Specifically, we affirmed the district court's conclusion that H&R Block willfully and maliciously engaged in deceptive advertising practices that materially impacted the purchasing decisions of reasonable consumers. *Id.* at 219. We also affirmed the district court's award of attorney's fees and costs. *Id.* We vacated, however, the court's award of H&R Block's profits and directed the court to redetermine the damages to which Liberty was entitled under the Lanham Act. *Id.* Lastly, we instructed the district court to remove a provision from the permanent injunction.[1] *Id.* at 219-20. Pursuant to our instructions, the district court issued an amended order, which neither party appealed.

---

[1]The provision removed from the district court's injunction is not pertinent to this appeal.

II.

On October 10, 2002, Liberty commenced the present action in the United States District Court for the Eastern District of Virginia challenging the manner in which H&R Block conducted its "Instant Money" marketing campaign during the 2001 tax season. Specifically, Liberty argued that H&R Block should be held in civil contempt of the district court's injunction because its "Instant Money" advertisements failed to "clearly and prominently" disclose that the product being advertised was actually a loan. Liberty contended that H&R Block's "Instant Money" advertisements violated the spirit and letter of the court's injunction because they used "drastically smaller letters and harder to read colors on the word 'loan' and . . . much larger and more prominent coloring on the words 'refund,' 'check today,' and 'instant money.'" J.A. at 310. The district court held a hearing on this motion on November 12, 2002. On January 10, 2003, while the district court was still considering its first motion, Liberty filed a second civil contempt motion, alleging that H&R Block was engaging in the same prohibited conduct during the 2002 tax season. A hearing on this motion was held on February 12, 2003.

On February 14, 2003, the district court entered an order denying both of Liberty's motions. In so doing, the court determined that a loan disclosure is "clear and prominent," and therefore in compliance with its injunction, if "'it is so written that a reasonable person against whom it is to operate ought to have noticed it.'" *Id.* at 881 (quoting *Matthews v. Ford Motor Co.*, 479 F.2d 399, 403 n.11 (4th Cir. 1973)(citation omitted)). Based on this determination, the district court held that H&R Block's loan disclosures were "clear and prominent" because "a reasonable person can easily read the word 'loan' even in ads where it appears in a smaller font or different color." *Id.* at 884. The court stated that "simply because [H&R Block's] ads require consumers to read all of the words contained therein, large and small, does not imply that smaller words are not conspicuous." *Id.* at 885. To further support its holding, the district court noted that Liberty and other tax preparation service providers use advertisements in which the term "loan" appears in smaller and different color font. *Id.* This appeal followed.

## III.

To establish civil contempt, a movant must show each of the following elements by clear and convincing evidence:

(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's "favor"; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) . . . that [the] movant suffered harm as a result.

*Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)(quoting *Colonial Williamsburg Found. v. The Kittinger Co.*, 792 F.Supp. 1397, 1405-06 (E.D.Va. 1992), *aff'd*, 38 F.3d 133, 136 (4th Cir. 1994)). We review a district court's grant or denial of a civil contempt motion for abuse of discretion. *Id.* When a district court's decision is based on an interpretation of its own order, our review is even more deferential because district courts are in the best position to interpret their own orders. *See Vaughns v. Bd. of Educ.*, 758 F.2d 983, 989 (4th Cir. 1985); *see also Anderson v. Stephens*, 875 F.2d 76, 80 n.8 (4th Cir. 1989)("We are, of course, mindful of the inherent deference due a district court when it construes its own order.").

### A.

Liberty argues that the district court abused its discretion by construing the term "prominent" in accordance with the Code's definition of "conspicuous." We disagree.

The district court's injunction provides in pertinent part:

[H&R Block] shall not:

(1)  advertise in violation of IRS Publication 1345, § 12(.09) of Revenue Procedure 98-50 . . . by representing any loan product, whether or not fees or interest are charged, as a "refund." In all advertisements, [H & R Block] shall

comply with the IRS requirement to disclose whether any
product is a loan. "Advance" shall be non-complying lan-
guage. *The disclosure shall appear clearly and prominently
in print advertisements* and shall be clearly stated in broad-
cast advertisements. . . .

*JTH Tax, Inc.*, 128 F.Supp.2d at 952 (emphasis added). In construing
the phrase "clearly and prominently," the district court noted that the
term "prominent" is often used interchangeably with "conspicuous."
Accordingly, it concluded that H&R Block's advertisements shall be
deemed to be in compliance with its injunction if they contain loan
disclosures that are "conspicuous." A loan disclosure is "conspicu-
ous," the district court determined, if it is presented in a manner "that
a reasonable person against whom it is to operate ought to have
noticed it." J.A. 881 (quoting *Mathews*, 479 F.2d at 403 n.11 (citation
omitted)). This definition of "conspicuous" was taken from, and is
identical to, the definition contained in the Code, which provides that
"[a] term . . . is conspicuous when it is so written that a reasonable
person against whom it is to operate ought to have noticed it." Va.
Code Ann. § 8.1-201(10).

## B.

Liberty contends that the district court erred in defining "promi-
nent" because it relied on the Code's definition of "conspicuous"
rather than dictionary definitions of "prominent." Liberty maintains
that had the district court adopted a dictionary definition of "promi-
nent" it would have correctly concluded that its injunction requires
H&R Block's advertisements to contain loan disclosures that are "par-
ticularly noticeable" or "standing out so as to strike the eye." Brief for
Appellant at 19 (quoting various dictionary definitions of "promi-
nent"). This argument, however, incorrectly assumes that district
courts must employ dictionary definitions when construing their own
orders. While dictionaries are undoubtedly useful tools of construc-
tion, there is no requirement that district courts adopt the definitions
contained therein when construing the terms of their own orders.
Rather, to sustain appellate review, district courts need only adopt a
reasonable construction of the terms contained in their orders. *Cave
v. Singletary*, 84 F.3d 1350, 1354 (11th Cir. 1996)("The district
court's interpretation of its own order is properly accorded deference

on appeal when its interpretation is reasonable."); *Michigan v. Allen Park*, 954 F.2d 1201, 1213 (6th Cir. 1992)("[A]n appellate court should accord deference to a district court's construction of its own earlier orders, if that construction is reasonable.").

We find that the district court's reliance on the Code's definition of "conspicuous" to define "prominent" was reasonable. First, as noted by the district court, the term "prominent" is often used inter-changeably with "conspicuous." Second, the court's construction of "prominent" serves one of the primary purposes of its injunction. In requiring that H&R Block "clearly and prominently" disclose whether it was advertising a loan product, the district court sought to ensure that H&R Block's advertisements complied with IRS Publication 1345's requirement that e-file providers, when advertising RALs, "clearly (*and, if applicable, in easily readable print*) refer to or describe the funds being advanced as loans, not a refund." *JTH Tax, Inc.*, 128 F.Supp.2d at 931 (emphasis added). Given that the product being advertised in H&R Block's "Instant Money" advertisements are RALs, the district court reasonably concluded that the loan disclosures contained in these advertisements are "clear and prominent," and therefore comply with IRS Publication 1345 and its injunction, if they are presented such that a reasonable person can notice and easily read them.

Liberty also contends that the district court's construction of "prominent" is erroneous because it fails to give force to the Code's entire definition of "conspicuous." Specifically, Liberty asserts that a complete reading of the Code's definition of "conspicuous" compels the conclusion that a loan disclosure in an advertisement is "prominent" only if it appears "in larger font or other contrasting type or color." Brief for Appellant at 18 (quoting VA. CODE ANN. § 8.1-201(10)). Liberty's argument, however, overlooks the fact that the Code's requirement that a term or provision be "in larger font or other contrasting type or color" only applies to form documents. VA. CODE ANN. § 8.1-201(10)("Language *in the body of a form* is 'conspicuous' if it is in larger or other contrasting type or color." (emphasis added)). Because H&R Block's "Instant Money" advertisements are not form documents, this portion of the Code is inapplicable. For the same reason, we find the cases relied upon by Liberty in support of this argument inapplicable.

In further support of its argument that a proper construction of "prominent" requires that H&R Block's loan disclosures appear in larger and contrasting type or color, Liberty notes that after entering a consent decree with the City of New York, which required that the term "loan" appear prominently in H&R Block's "Instant Money" and other RAL advertisements,[2] H&R Block began using larger and contrasting font or type for the term "loan." In so arguing, Liberty fails to realize that the consent decree entered into by H&R Block and the City of New York has no binding authority over the manner in which the district court construes its own order. Moreover, we note that the Department of Consumer Affairs of the City of New York, subsequent to the aforementioned consent decree, has approved H&R Block advertisements in which the term "loan" appears in much smaller font and less apparent colors than the rest of the text.

Based on the foregoing, we conclude that the district court's construction of "prominent" was reasonable. We also conclude, after reviewing the advertisements alleged to be in violation of the district court's injunction and the arguments put forth by both parties, that the district court did not abuse its discretion by finding H&R Block to be in substantial compliance with its injunction.

IV.

Having found that the district court properly denied Liberty's contempt motions and because Liberty's discovery request only went to the issue of damages, an issue which is only reached once a violation is shown, we need not address Liberty's discovery challenge.

---

[2]On March 11, 2002, the City of New York commenced an action against H&R Block alleging, among other things, that H&R Block's "Instant Money" marketing campaign mislead consumers because "[t]he type point of the word 'Loan' . . . [was] smaller than the words 'Instant Money,' 'No Wait,' 'Refund' and 'Check Today.'" J.A. 355. On December 2, 2002, H&R Block settled this suit by entering into a consent decree with the City of New York through which it agreed, among other things, that "[t]he word 'loan' [would] prominently appear in any future 'Instant Money' or other RAL advertising in New York City." *Id.* at 691.

## V.

We hold that the district court did not abuse its discretion by denying Liberty's contempt motions. Because we affirm the denial of Liberty's contempt motions, we expressly decline to reach Liberty's discovery challenge.

*AFFIRMED*