**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0828n.06

**No. 08-2237**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Dec 22, 2009**

LEONARD GREEN, Clerk

CLARENCE SCOTT,

       Petitioner-Appellant,

v.

MICHIGAN STATE;
BARBARA BOCK,

       Respondents-Appellees.

_____/

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

OPINION

BEFORE:    MERRITT, CLAY, and MCKEAGUE, Circuit Judges.

      **CLAY, Circuit Judge.** Petitioner Clarence Scott appeals an order entered by the district court denying his motion for issuance of an absolute grant of the writ of habeas corpus pursuant to 28 U.S.C. § 2254, after the State failed to retry him within the period prescribed by his conditional grant of habeas corpus. For the reasons set forth below, we **AFFIRM** the district court's decision.

## BACKGROUND

      In 1995, a jury in the Recorder's Court for the City of Detroit, Michigan convicted Petitioner Clarence Scott of first-degree premeditated murder, first-degree felony murder, and possession of a firearm during the commission of a felony. Petitioner was tried with a co-defendant, Isaac Collier, Jr., who was convicted of felony murder. According to the Michigan Court of Appeals, the convictions arose from

> the shooting death of Elwin Lilley on April 2, 1994 near Metro Airport in Romulus. Defendants attempted to steal money from the victim while he was in his parked car in the parking lot of a McDonald's restaurant. Scott, who had a sawed-off shotgun in the waistband of his pants, put the gun to the victim's head and demanded money. After the victim started his car and attempted to drive away, Scott shot him in the head. Both defendants then took some items from the car. Collier then ran to a gas station and stole a getaway car.

*People v. Collier*, Nos. 184478 & 184480, 1997 Mich. App. LEXIS 1327, at *2 (Mich. Ct. App. May 30, 1997). The trial court sentenced Petitioner to mandatory life imprisonment without parole for both first-degree premeditated murder and first-degree felony murder and two years for the felony firearm conviction. Scott has completed his sentence for the felony firearm conviction. Based on double jeopardy grounds, the Michigan Court of Appeals vacated Scott's felony murder charge, but affirmed his convictions for the felony firearm offense and premeditated murder. The Michigan Supreme Court denied leave to appeal.

On August 2, 1999, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging four grounds for relief, only one of which is relevant on appeal. Petitioner alleged that his right to confrontation under the Sixth Amendment was violated by allowing a statement by Collier to be read to the jury when Collier subsequently chose not to testify. The district court found that "[t]he trial court violated the petitioner's constitutional rights by allowing in evidence the pretrial statement of a nontestifying co-defendant that incriminated the petitioner." Thus, on January 13, 2003, it conditionally granted a writ of habeas corpus that required Michigan to either release Scott from custody or bring him to trial within ninety days. We affirmed and the Supreme Court denied

the State's petition for a writ of certiorari on January 18, 2005. We issued the mandate on February 14, 2005, resetting the ninety-day period within which the new trial must commence.

Although that ninety-day period ended on May 16, 2005, the State did not initiate proceedings until May 18, 2005. The case proceeded through the system and a bond hearing was held at which Petitioner's release was considered in light of the newly weakened prosecution case. Trial was scheduled to begin on September 20, 2005. However, Petitioner opted to plead guilty to second-degree murder and possession of a firearm during the commission of a felony under an agreement capping his sentence at twenty-eight years for the murder and two years for the felony firearm offense. Scott recently moved to invalidate his plea, asserting that his counsel at the time of the plea was ineffective and that the state court lacked jurisdiction to accept his guilty plea because of its failure to commence trial proceedings within the ninety day period. Petitioner also moved for an absolute grant of a writ of habeas corpus and a determination that he should be released from prison because of the State's noncompliance with the ninety-day deadline. The district court denied Scott's motion. Scott appeals.

## DISCUSSION

### A.    Standard of Review

In a habeas proceeding, we review *de novo* the district court's disposition of the habeas petition. *Satterlee v. Wolfenbarger*, 453 F.3d 362, 365 (6th Cir. 2006).

### B.    Analysis

District courts generally favor conditional grants of the writ of habeas corpus because they give the state "an opportunity to cure its constitutional errors" and "maintain comity among co-equal sovereigns." *McKitrick v. Jeffreys*, 255 F. App'x 74, 75-76 (6th Cir. 2007) (citing *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). "[C]ourts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Hilton*, 481 U.S. at 775 (citations omitted). As the Seventh Circuit has noted, "[c]onditional orders are essentially accommodations accorded to the state. They represent a district court's holding that a constitutional infirmity justifies petitioner's release. The conditional nature of the order provides the state with a window of time within which it might cure the constitutional error." *Phifer v. Warden*, 53 F.3d 859, 864-65 (7th Cir. 1995).

"[T]he sole distinction between a conditional grant and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006). When the state fails to comply with the order's conditions, "[a] conditional grant of a writ of habeas corpus *requires* the petitioner's release from custody." *Satterlee*, 453 F.3d at 369 (alteration in original) (citing *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985)); *accord, Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005) (Scalia, J., concurring) ("Conditional writs enable habeas courts to gives States time to replace an invalid judgment with a valid one, and the consequence when they fail to do so is always release."). However, not all instances of noncompliance by the state result in a prisoner's immediate release. The district court may make exceptions where the State has

"substantially complied" with the terms of the order. *McKitrick*, 255 F. App'x at 76. When a petitioner alleges noncompliance, the district court must make a finding regarding the sufficiency of the action taken by the state and determine whether the petitioner is prejudiced by the noncompliance. *Id.*

Petitioner argues that the State failed to substantially comply with the conditional grant of the writ and that he is, therefore, entitled to an absolute grant of the writ of habeas corpus barring re-trial by the State. The State argues that it substantially complied with the conditional grant of the writ because the first hearing regarding the trial proceedings was conducted two days after the ninety-day deadline and the case proceeded in an ordinary fashion from thereon. The district court concluded that the State failed to substantially comply.

We disagree. The first hearing in the trial court occurred on May 18, a mere two days after the deadline imposed by the district court and Scott's case proceeded through the system in typical fashion thereafter. Scott does not allege that he was in any way prejudiced by the two day delay nor is there any indication that he was prejudiced. Moreover, as long as a prisoner does not remain in custody pursuant to a constitutionally defective conviction, "the state is not precluded from rearresting [him] and retrying him under the same indictment." *Satterlee*, 453 F.3d at 370 (quoting *Fisher*, 757 F.2d at 791); *see Wilkinson*, 544 U.S. at 83 ("[A] case challenging a sentence seeks a prisoner's 'release' in the only pertinent sense: It seeks invalidation . . . of the judgment authorizing the prisoner's confinement; the fact that the State may seek a *new* judgment (through a new trial or a new sentencing proceeding) is beside the point."). Here, Petitioner was never released from

custody and re-arrested, but a bond hearing was held at which Petitioner's release was considered in light of the newly weakened prosecution case. As a result, beginning on May 18, 2005, Scott was in custody not because of the constitutionally defective conviction, but because of the charges for which the State intended to retry him.

In "extraordinary circumstances," such as when "the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the state's delay is likely to prejudice the petitioner's ability to mount a defense at trial," a habeas court may forbid the petitioner's reprosecution. *Satterlee*, 453 F.3d at 370 (quoting 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 33.3, at 1685-86 (5th ed. 2005)). This extreme remedy is not intended for routine use. *See Cave v. Singletary*, 84 F.3d 1350, 1359 (11th Cir. 1996) (Kravitch, J., dissenting) ("[T]o recognize that this extreme remedy is authorized is not to condone its routine use; habeas courts must exercise discretion."). "[T]he mere fact that a new trial has not been held within the time period for which continued imprisonment was authorized cannot, by itself, justify the court in doing anything more than ordering the prisoner released once the prescribed time for keeping him in prison has expired." *Flenoy v. Russell*, No. 89-3326, 1990 WL 61114, at *3 (6th Cir. May 8, 1990).

In this case, there are no extraordinary circumstances to justify barring retrial by the State. The State substantially complied with the conditional grant of the writ and there is nothing in the record to suggest that its failure to act within the ninety-day deadline was abusive. Petitioner has not

alleged any prejudice caused by the State's delay and there is no indication that his constitutional rights were further infringed.   For these reasons, we **AFFIRM** the district court's decision.