[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12276
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-01537-AKK


MELVIN BRADLEY,

                                          Plaintiff,

DIANNE RODEN BRADLEY,
as executrix for the Estate of Melvin Bradley,
KEVIN A. CALMA,
individually and on behalf of all others similarly situated,

                                          Plaintiffs - Appellants,

versus

FRANKLIN COLLECTION SERVICE, INC.,

                                          Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 2, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellants Melvin Bradley and Kevin Calma (collectively "Appellants") incurred medical debts at North Alabama Urology, P.C. (Urology) and University of Alabama at Birmingham Health System West (UAB West), respectively. Because Appellants failed to pay their debts, Urology and UAB West referred the accounts to appellee Franklin Collection Service, Inc. (Franklin). As part of the referral, Urology and UAB West added to Appellants' accounts a charge for collection fees. It is this charge that prompted Appellants to file suit against Franklin, alleging violations of Alabama state law, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692–1692p, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968.[1] Both parties moved for summary judgment. The district court denied Appellants' motion on all claims except for Calma's unjust enrichment claim and granted Franklin's motion. After the district court's ruling, Appellants filed a motion to dismiss with prejudice Calma's unjust enrichment claim. Their motion was granted, and the case was dismissed with prejudice. Appellants now appeal the district court's decision to

---

[1] Based on the district court's order and the parties' briefing on appeal, it appears that only Bradley appeals his claims under the FDCPA and state law.

2

grant Franklin's motion for summary judgment.[2]  For the reasons that follow, we reverse the district court's decision granting summary judgment in favor of Franklin on Bradley's claim under 15 U.S.C. § 1692f of the FDCPA.  We affirm the district court's decision granting Franklin's motion for summary judgment on all remaining claims raised in this appeal.[3]

We review a district court's summary judgment decision de novo, applying the same legal standards as those that governed the district court.  *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1194 (11th Cir. 2010).  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We construe the facts and draw all reasonable inferences in favor of the non-moving party.  *Walters v. Am. Coach Lines of Miami, Inc.*, 575 F.3d 1221, 1226 (11th Cir. 2009) (per curiam).  We therefore state the facts in the light most favorable to the Appellants, the non-moving party.

---

[2] In a footnote, Franklin notes that Appellants also appeal the district court's order denying their motion for class certification.  However, class certification is never mentioned in Appellants' briefing.  Because Appellants did not brief the issue, we consider it waived.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that "a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed").

[3] Because we find Appellants' remaining FDCPA claims, RICO claims, and claims under state law unavailing, we affirm those claims based on the thorough and well-reasoned order of the district court entered on March 28, 2013.

## I. BACKGROUND

### A. UAB West

UAB West is a healthcare institution operating under the control of the University of Alabama at Birmingham Health System (UAB). UAB manages healthcare delivery and billing for its hospitals, including UAB West. UAB and UAB West contracted with Franklin to collect unpaid medical bills. UAB West's agreement with Franklin involved adding a 30% collection fee to all accounts UAB West referred for collection. The agreement also gave Franklin the right to pursue collection lawsuits on UAB's behalf.

In 2007, Appellant Calma incurred a $735 bill when he took his daughter to UAB West for treatment. Calma failed to pay his bill. In response, UAB West sent him three separate statements, warning that, pursuant to their agreement, if Calma failed to pay, UAB West would send his account to a collection agency. The agreement Calma signed with UAB West stated, in part, "I agree that if this account is not paid when due, and the hospital should retain an attorney or collection agency for collection, I agree to pay all costs of collection including reasonable interest, reasonable attorney's fees (even if suit is filed) and reasonable collection agency fees."[4] Calma never paid UAB West. According to its debt

---

[4] Unlike Bradley, Calma did not appeal Franklin's collection fee based on a violation of 15 U.S.C. § 1692f. And, unlike Bradley's agreement, Calma's agreement explicitly provided that Calma agreed to pay "reasonable collection agency fees."

collection policy, UAB added a 30% collection fee to his account and referred his account to Franklin for collection. With the 30% added collection fee, Calma owed UAB West $922.25.

*B. Urology*

Urology is a healthcare provider that also uses Franklin to collect unpaid medical bills. The collection contract between Urology and Franklin stated that Urology would add 33-and-1/3% to a debt prior to transferring the account to Franklin. The contract also stipulated that Franklin was entitled to 30% of the total collected from each debt. Critically, Bradley was not a party to this agreement.

In 2009, Appellant Bradley received medical treatment from Urology and incurred a bill for $861.96. Like Calma, Bradley also signed a patient agreement, which stated: "In the event of non-payment . . . I agree to pay all costs of collection, including a reasonable attorney's fee . . . ." Also like Calma, Bradley failed to pay his medical bill. As a result, Urology added a $293.06 collection fee to Bradley's balance. Urology then sent his account to Franklin for collection. Bradley's new balance due to Urology was $1,155.02. To avoid being sued, Bradley paid the $1,155.02 and reserved his right to recover overcharges.

## II. DISCUSSION

In enacting the FDCPA, Congress sought "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who

5

refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as the use of "unfair or unconscionable" means of collection. 15 U.S.C. §§ 1692e, 1692f. Here, the sole issue is Bradley's claim under § 1692f. We affirm the district court on all other issues raised in this appeal.

Section 1692f prohibits unfair or unconscionable means of collection. Subsection (1) of this section specifically prohibits "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Bradley argues that the collection fee he paid violates this section of the FDCPA because the fee was really liquidated damages rather than the actual cost of collection. We agree.

While the Eleventh Circuit has not previously addressed this issue, we find the Eighth Circuit's reasoning in *Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318, 1318 (8th Cir. 2000) (per curiam), to be persuasive. There, the Eighth Circuit held that the debt collector violated the FDCPA when it charged the debtor a collection fee based on a percentage of the principal balance of the debt due rather than the

6

actual cost of collection.  *Id.*  That is what happened here.  When Bradley signed Urology's patient registration form, he only agreed to pay "all costs of collection." That is, Bradley agreed to pay the actual costs of collection; his contractual agreement with Urology did not require him to pay a collection agency's percentage-based fee where that fee did not correlate to the costs of collection.

Before Urology handed over Bradley's delinquent account to Franklin, it added a 33-and-1/3% "collection fee."  Franklin failed to direct this Court to any evidence that the 33-and-1/3% "collection fee"—which was assessed *before* Franklin attempted to collect the balance due—bears any correlation to the *actual* cost of Franklin's collection effort.  As such, the 33-and-1/3% fee breaches the agreement between Bradley and Urology, since, contractually, Bradley was only obligated to pay the "costs of collection."  *See id.*  Urology and Franklin cannot alter Bradley's obligations by the terms of their subsequent agreement.  Because there was no express agreement between Urology and Bradley allowing for collection of the 33-and-1/3% fee, that fee violates the FDCPA.  *See* 15 U.S.C. § 1692(e); *see also Kojetin*, 212 F.3d at 1318.

This is not to say that Bradley and Urology could not have formed an agreement allowing for the collection of the percentage-based fee.  It is the nature of the agreement between Bradly and Urology, not simply the amount of the fee that is important here.  For example, Plaintiff Calma agreed to pay, *inter alia*,

7

"reasonable collection agency fees."  And, based on this contractual language, Calma declined to argue on appeal that the agreement that he had with UAB West did not cover Franklin's percentage-based collection fee.

Courts examining other contractual language have also suggested that a percentage-based fee can be appropriate if the contracting parties agreed to it.  For example, the Seventh Circuit suggested that the following contractual provision may allow the imposition of a percentage-based collection fee when a delinquent account was referred to a third-party collection agency:  "You agree to reimburse us the fees of any collection agency, which may be based on a percentage at a maximum of 33% of the debt, and all costs and expenses, including reasonable attorneys' fees, we incur in such collection efforts."  *See Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1110, 1113 (7th Cir. 2008); *see also Boatley v. Diem Corp.*, No. CIV. 03-0762-PHX-SMM, 2004 WL 5315892, *5-6 (D. Ariz. Mar. 24, 2004).

But, Bradley's contract with Urology was not like Calma's contract with UAB West or the contracts from these other cases.  Under the contract at issue here, Bradley agreed to pay the actual costs of collection; he did not agree to pay a percentage above the amount of his outstanding debt that was unrelated to the actual costs to collect that debt.

Franklin argues that *Kojetin* is distinguishable because it holds that a violation of the FDCPA only occurs where the debt collector charges a percentage-

8

based fee not supported by the language of the underlying agreement.  But that is exactly what we have here.  As explained above, the agreement creating the debt—the patient agreement between Urology and Bradley—only allows a charge for "costs of collection."  *See id.*  Nowhere on the form does Bradley agree to a collection fee that is not tied to the actual costs of collection, let alone the 33-and-1/3% "collection fee" he was ultimately assessed.

We therefore hold that Franklin violated the FDCPA when it collected from Bradley a debt that included a 33-and-1/3% "collection fee" when Bradley only agreed to pay the actual costs of collection.  Accordingly, we reverse the district court's decision granting summary judgment in favor of Franklin on Bradley's claim under § 1692f of the FDCPA.  We affirm the district court's decision granting summary judgment on Appellants' RICO claims, remaining FDCPA claims, and state law claims.

**AFFIRMED IN PART, REVERSED IN PART.**