[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  13-13631
_____

D.C. Docket No. 5:12-cv-00341-RS-CJK


RICHARD LEE MULLINAX,

                                                         Plaintiff - Appellee,

versus

FRANK MCKEITHEN,
Individually and in his official capacity
as sheriff of Bay County, Florida,
DOUGLAS SMITH,
Individually,

                                                         Defendants – Appellants.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 30, 2014)

Before WILSON and JORDAN, Circuit Judges, and ROTHSTEIN,[*] District Judge.

PER CURIAM:

Bay County Sheriff Frank McKeithen and Bay County Deputy Sheriff Douglas Smith appeal the district court's summary judgment order denying them qualified immunity for their alleged violation of Richard Mullinax's Fourth Amendment rights. Having carefully reviewed the parties' briefs, and with the benefit of oral argument, we affirm.

I

We write only for the parties, and presume their knowledge of the underlying record. We therefore summarize only what is necessary to explain our decision.

The pertinent facts, viewed in the light most favorable to Mr. Mullinax, are as follows.

Mr. Mullinax pled no contest to violating the terms of his probation, imposed for a prior state conviction. As part of a plea agreement with the state, he negotiated a 60-day furlough before he would start to serve an 18-month sentence for the violation. The state trial judge accepted Mr. Mullinax's plea and, pursuant to the agreement, continued sentencing for 60 days.

---

[*] Honorable Barbara J. Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

Two days after the plea hearing, Sheriff McKeithen contacted the trial judge in order to rescind Mr. Mullinax's furlough.  The judge, however, referred Sheriff McKeithen to the attorneys of record in the case, including Assistant State Attorney Megan Ford.  Sheriff McKeithen testified that either he or another member of the Bay County Sheriff's Office then contacted Ms. Ford to pursue a revocation of Mr. Mullinax's furlough.  *See* D.E. 57-9 at 10.

At around that same time, Deputy Smith was ordered by a supervisor to find and retrieve Mr. Mullinax.  *See* D.E. 64-3 at 14.  Deputy Smith found Mr. Mullinax and ordered him into an unmarked police vehicle.  Although Mr. Mullinax was allowed to sit in the front passenger seat, with his hands unrestrained by handcuffs, he nonetheless believed that he was under arrest.  *See* D.E. 64-1 at ¶ 22.  According to Mr. Mullinax, he had previously been arrested under similar conditions.  *See id.*  Deputy Smith then drove Mr. Mullinax to the Bay County Sheriff's Office and locked him in a holding room.  *See id.* 64-1 at ¶ 26.  There Mr. Mullinax, believing he was not free to leave, remained locked up for roughly three hours in violation of the trial judge's furlough order and without probable cause that he had committed another offense.  *See id.*

During the period in which Mr. Mullinax was in custody, Ms. Ford filed an emergency motion to revoke Mr. Mullinax's furlough.  Once the motion was granted, Mr. Mullinax was transferred from the holding room to the Bay County

Jail and was later sentenced to 18 months' imprisonment for his probation violation. *See* D.E. 75 at 6.

Mr. Mullinax brought suit pursuant to 42 U.S.C. § 1983 against Sheriff McKeithen, individually and in his official capacity, and Deputy Smith, individually, for violating his Fourth Amendment rights against unreasonable arrest and detention.[1] The district court denied the defendants' motion for summary judgment with respect to the Fourth Amendment claims. The defendants now appeal, arguing that they are entitled to qualified immunity.

## II

We conduct plenary review of the district court's summary judgment order, viewing the facts in the light most favorable to Mr. Mullinax. *See Gennusa v. Canova*, 748 F.3d 1103, 1108 (11th Cir. 2014). Summary judgment is appropriate if there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 608 (11th Cir. 2014). "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Morris v. Town of Lexington,*

---

[1] Mr. Mullinax's complaint also included a § 1983 claim of deliberate indifference to a serious medical need, as well as state law claims for negligence and false arrest. Those claims are not at issue in this appeal.

4

*Alabama*, 748 F.3d 1316, 1321 (11th Cir. 2014) (citation and internal quotation marks omitted).

Substantially for the reasons set forth in the district court's order, we affirm the denial of summary judgment. First, although the defendants argued in the district court that qualified immunity was appropriate on Mr. Mullinax's Fourth Amendment claim because (1) no clearly established Fourth Amendment rights were violated, and (2) there was probable cause or arguable probable cause for Mr. Mullinax's arrest and detention, they have abandoned those arguments on appeal by not raising them in their brief. *See, e.g.*, *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004); *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1542 (11th Cir. 1994). Second, contrary to the defendants' assertion, the evidence, viewed in the light most favorable to Mr. Mullinax, permits a reasonable jury to conclude that Sheriff McKeithen was personally involved in, ordered, or ratified Mr. Mullinax's arrest and detention.

The defendants contend that they are entitled to qualified immunity because Mr. Mullinax's claim should have been analyzed under the Due Process Clause, and not the Fourth Amendment, and there was no violation of Mr. Mullinax's clearly established rights under the Due Process Clause. We decline to address these arguments because they were never raised below. *See, e.g.*, *Access Now,*

*Inc.*, 385 F.3d at 1331.  The defendants made only Fourth Amendment arguments in the district court.  *See* D.E. 57 at 9-14, 18-21.[2]

## III

The district court's summary judgment order is affirmed.

**AFFIRMED**.

---

[2] The defendants claim that their Due Process Clause arguments were properly raised in their notice of supplemental authority, *see* D.E. 70, but we disagree.  A review of that notice does not suggest that the defendants meant to introduce a new legal theory in support of qualified immunity, let alone abandon their Fourth Amendment arguments.