[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13044
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-21107-JAL

SUNTRUST BANK,

Plaintiff - Appellee,

versus

JOHN H. RUIZ,
MAYRA C. RUIZ,

Defendants - Third Party
Plaintiffs - Appellants,

ATTORNEY'S TITLE INSURANCE FUND, INC.,

Defendant - Third
Party Defendant,

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,

Third Party Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 15, 2016)

Before TJOFLAT, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellee Suntrust Bank sued Defendants-Appellants John Ruiz and Mayra Ruiz for breach of a promissory note (the "Note"), invoking the district court's diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).  The $2,999,500 Note was executed in connection with a home-loan refinance transaction in April 2007.  Suntrust sought to recover the full principal amount plus interest.  In their defense to Suntrust's suit, the Ruizes claimed that Suntrust failed to give adequate notice of default under the terms of the Note and that they had paid a total of $1,450,000 on the Note in or around July 2014.

The district court granted summary judgment to Suntrust on the full amount of the Note.  The court found that Suntrust gave adequate notice of default and that the Ruizes' evidence of payment on the Note contradicted an admission during discovery, so it was insufficient to create a triable issue of fact.  The Ruizes now appeal the summary-judgment ruling and various other orders.  After careful review, we find a genuine issue of material fact with regard to whether the Ruizes

2

made a $750,000 cash payment on the Note, so we vacate and remand for further proceedings on that issue. To the extent that other aspects of the district court's order remain relevant in light of the remand, we affirm in those regards.

## I.

We review *de novo* a district court's grant of summary judgment, applying the same legal standards that governed the district court. *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 608 (11th Cir. 2014). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We consider the record and draw all reasonable inferences in the light most favorable to Appellants, the non-moving parties. *See Bradley*, 739 F.3d at 608.

## A.

We first address the Ruizes' contention that Suntrust did not satisfy a condition precedent to bringing suit on the Note by complying with the Note's notice-of-default provision.

The Note states that default occurs if the Ruizes "do not pay the full amount of each monthly payment on the date it is due." Doc. 1–3 ¶ 7(B). In that event, Suntrust "may send [the Ruizes] a written notice telling [them] that if [they] do not pay the overdue amount by a certain date, the Note Holder may require [them] to pay immediately the full amount of Principal which has not been paid and all the

3

interest that [they] owe on that amount."[1]  *Id.* ¶ 7(C).  Any such notice "will be given by delivering it or by mailing it by first class mail to [the Ruizes] at the Property Address above or at a different address if [they] give the Note Holder a notice of [their] different address."  *Id.* ¶ 8.  The "Property Address" was 1540 Salvatierra Dr., Coral Gables, Florida (the "Salvatierra property").  Suntrust sent a notice of default to the Ruizes' law firm at an address in Miami (the "Miami address").

The district court properly found that Suntrust complied with the notice-of-default provision.  At summary judgment, Suntrust proffered evidence that the Ruizes had given Suntrust "a notice of [a] different address"—the Miami address—over the Internet on August 23, 2007.  Indeed, the Ruizes received their mortgage statements at the Miami address and paid Suntrust from an operating account linked with the Miami address.  Accordingly, undisputed evidence shows that the Ruizes notified Suntrust of a different address and that the notice of default was sent to that address in compliance with the Note.

Although the Ruizes contend that their "mailing address" for mortgage statements was the Miami address but their "notice address" for any notice of default was still the Salvatierra property address, the Note itself makes no distinction between "mailing" and "notice" addresses.  In any case, the Ruizes did

---

[1] We decline to address Suntrust's assertion that notice of default was not mandatory.

4

not plead, and do not argue on appeal, that they did not receive the notice of default. *Cf. Ramos v. Citimortgage, Inc.*, 146 So. 3d 126, 128 (Fla. Dist. Ct. App. 2014) (holding in similar circumstances that summary judgment was inappropriate because, in contrast to this case, the defendants alleged that they "had not received the required default notice").[2] Accordingly, even if Suntrust committed a technical violation of the Note, there is no basis in the record to conclude that Suntrust failed to satisfy the purpose of the notice-of-default provision. *See Green Tree Serv., LLC v. Milam*, 177 So. 3d 7, 14, 16-17 (Fla. Dist. Ct. App. 2015) (holding that conditions precedent requiring notice of default are evaluated for "substantial compliance" or "substantial performance").

In sum, the district court properly found that Suntrust complied with the notice-of-default provision prior to bringing suit either by sending the required notice to an address designated by the Ruizes or by substantially complying with the provision.

**B.**

Next, the Ruizes contend that genuine issues of material fact exist with regard to the amount they owe under the Note. The following background facts are undisputed.

---

[2] "In the absence of definitive guidance from the Florida Supreme Court, we follow relevant decisions of Florida's intermediate appellate courts[]" in diversity cases governed by Florida state law. *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1231 (11th Cir. 2004).

The Ruizes executed the $2,999,500 Note in favor of Suntrust Mortgage, Inc., as part of a refinance transaction with respect to the Salvatierra property in April 2007. The Note was later endorsed in favor of Suntrust. The Note provided that the Ruizes would make interest-only monthly payments between June 2007 and May 2017. Thus, during the relevant period, no monthly payment went to paying off the $2,999,500 principal amount. The Ruizes do not dispute that they stopped making monthly payments to Suntrust under the Note in May 2011, less than a year after they had moved to a new home at 11180 Snapper Creek Road in Coral Gables, Florida (the "Snapper Creek property").

What the Ruizes do dispute is whether they made *any* payments on the Note after May 2011. Specifically, the Ruizes contend that they made two lump-sum payments on the Note in or around July 2014 in connection with the sale of the Salvatierra property. According to an affidavit submitted by Mr. Ruiz, the Ruizes paid Suntrust "$750,000.00 in cash from the proceeds of the sale of [the Salvatierra property]" and also "entered into a mortgage for $700,000.00 on [the Snapper Creek property]." "[T]his amount," according to Mr. Ruiz, "was required by Suntrust to release the lien that Suntrust had placed on [the Salvatierra property] by virtue of the original deal consummated on April 23, 2007."[3] Based on this and

---

[3] It is not clear from the affidavit whether "this amount" means the $750,000 in cash, the $700,000 mortgage, or both.

6

related evidence, the Ruizes contend that they paid Suntrust a total of $1,450,000 on the Note.

In granting summary judgment to Suntrust, the district court found that Mr. Ruiz's affidavit contradicted the Ruizes' earlier admission, in response to Suntrust's request for admissions under Rule 36, Fed. R. Civ. P., that the Ruizes "failed to make [their] May 1, 2011 monthly payment and all subsequent payments under the Loan." Doc. 106 at 7. Because "a party cannot rebut its own admissions by introducing evidence that contradicts them," the court reasoned, Mr. Ruiz's affidavit could not overcome the Ruizes' admission and create a genuine issue for trial. *Id.* at 7-8; *see Williams v. City of Dothan, Ala.*, 818 F.2d 755, 762 (11th Cir. 1987) (Rule 36 admissions of fact are conclusive unless withdrawn or amended).

The Ruizes argue that the district court—by interpreting their admission to cover *any* payments after May 2011—failed to construe the evidence in their favor at summary judgment. Provided that a reasonable construction of the admission is not contradicted by Mr. Ruiz's affidavit, the Ruizes were entitled to such a construction for purposes of summary judgment. *See Bradley*, 739 F.3d at 608.

We agree with the Ruizes that, construing all reasonable inferences in their favor, their Rule 36 admission does not contradict Mr. Ruiz's affidavit. The Ruizes admitted that they failed to make "May 1, 2011 monthly payment and all subsequent payments under the Loan." Given that "all subsequent payments"

7

immediately follows a specific "monthly payment," it is reasonable to infer that "subsequent payments" likewise refers to monthly payments. In addition, the admission speaks of "all subsequent payments *under the Loan*," which reasonably could be understood to refer to only those payments specified in the terms of the Note. The "Payments" section of the Note covers only monthly payments. *See* Doc. 1–3 ¶ 3. As a whole, the admission may be reasonably construed as limited to the failure to make monthly payments after April 2011. So construed, Mr. Ruiz's affidavit does not contradict the admission because the lump-sum amounts were not "monthly payments" under the Note.[4]

That leaves the question of whether the Ruizes' evidence creates a triable issue of fact. Mr. Ruiz's affidavit first states that the Ruizes gave Suntrust "$750,000.00 in cash from the proceeds of the sale of [the Salvatierra property]." Suntrust asserts that this evidence is insufficient to create a genuine factual dispute because the Ruizes failed to show that the money was applied to the Note and because Suntrust's business records do not reflect such a payment. "At best," Suntrust states, "the record shows payment of $750,000.00 made to SunTrust Mortgage, Inc.—not SunTrust—in June 2014 in connection with a settlement from an unrelated state court lawsuit." But assuming that $750,000 was given to Suntrust or Suntrust Mortgage (the original lender) in connection with the sale of

---

[4] Of course, that still means the Ruizes defaulted on the Note. *See* Doc. 1–3 ¶ 7(B) ("If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.").

the Salvatierra property, it is reasonable to infer that the money was applied to the loan connected with the Salvatierra property.  We find nothing in the record that conclusively disproves such a connection.  Accordingly, a genuine factual dispute exists about the alleged $750,000 payment.

As for the $700,000 mortgage, we agree with Suntrust that this is not evidence of payment on the Note.  "A mortgage is a type of security interest with real property as the collateral[,]" not payment of a debt or a promise to repay a debt. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012) ("[A] security interest is not a promise to pay a debt; it is an interest in some collateral that a lender can take if a debtor does not fulfill a payment obligation.").

The Ruizes' own evidence also contradicts their claim that the mortgage constitutes payment on the Note.  They rely on a mortgage-modification agreement executed between them and Suntrust in June 2014, which, in essence, substituted a lien on the Snapper Creek property for a lien on the Salvatierra property.  But the agreement explicitly states that it does not affect the underlying loan ("The Note shall remain secured by the lien of the Mortgage and other Loan Documents, encumbering the Additional Property.  **In no way shall this instrument or any instrument being executed in connection with it . . . be deemed to be a satisfaction of the Note.**") (emphasis added); (the Ruizes "hereby acknowledge,

9

certify, affirm and represent with full knowledge[] **that . . . there exists no matter, item or thing that would diminish or reduce the amount owed under the Loan**[.]") (emphasis added).  Accordingly, we conclude as a matter of law that the $700,000 mortgage does not constitute payment on the Note.

In sum, we find that a genuine issue of material fact exists with regard to whether the Ruizes made a $750,000 payment on the Note in or around July 2014.  We therefore vacate the judgment and remand for further proceedings consistent with this opinion.

## II.

The Ruizes also contest various other rulings by the district court.  They argue that the court abused its discretion by (1) refusing to allow them to withdraw and amend the Rule 36 admission about their failure to make "all subsequent payments"; (2) denying two motions related to their filing of a third-party complaint and the district court's striking of same; and (3) denying their motion to vacate the judgment based on alleged fraud committed upon the court by Suntrust.  These contentions either are without merit or are unnecessary to resolve.

First, the district court did not abuse its discretion by refusing to allow the Ruizes to withdraw and amend their Rule 36 admission after the court had granted summary judgment.  In any case, our decision in this appeal effectively grants the

10

relief the Ruizes sought in moving to withdraw and amend and largely moots the issue.

Second, the district court did not abuse its discretion in denying the Ruizes' motions relating to their third-party complaint. The district court struck the third-party complaint as untimely because it was filed six months after the June 23, 2014, deadline for joinder of parties and amendment of pleadings set in the parties' Joint Scheduling Form. The court explained that it had adopted the parties' deadlines but left the deadline for joinder and amendment blank ("N/A") because that deadline had already passed. The court's interpretation of its order is reasonable and entitled to our deference. *See Cave v. Singletary*, 84 F.3d 1350, 1354-55 (11th Cir. 1996) ("The district court's interpretation of its own order is properly accorded deference on appeal when its interpretation is reasonable."). Therefore, the district court was well within its discretion to deny the Ruizes' motion to reconsider the order striking the third-party complaint, as well as to deny the Ruizes additional time to submit further argument about whether the third-party complaint deprived the district court of subject-matter jurisdiction.

Finally, because we vacate the judgment and remand for further proceedings as specified above, we do not address at this time the Ruizes' contention that Suntrust procured a judgment through fraud. We do note, however, that the purported misconduct of which the Ruizes complain shows no more than the

11

existence of a factual dispute with respect to the amount the Ruizes owe to Suntrust. Any alleged misconduct by a party to these proceedings may be addressed by the district court on remand.

### III.

For the reasons stated, we find a genuine issue of material fact with regard to whether the Ruizes made a $750,000 payment on the Note in or around July 2014. Accordingly, we vacate the judgment in favor of Suntrust and remand for further proceedings consistent with this opinion. Because we vacate the judgment, we do not address the Ruizes' allegations that Suntrust procured a judgment through fraud. We affirm the district court in all other respects.

**VACATED IN PART AND REMANDED; AFFIRMED IN PART.**