[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14096
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-01068-TFM-B

LARRY WIREMAN,
JUDY WIREMAN,

                                        Plaintiffs-Appellants,

versus

PARK NATIONAL CORPORATION,
SE PROPERTY HOLDINGS, LLC,
SOUTHEAST PROPERTY SOLUTIONS, LLC,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 20, 2021)

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Larry and Judy Wireman appeal the district court's order dismissing their complaint against SE Property Holdings, LLC, Southeast Property Solutions, LLC, and Park National Corporation.[1]  As to Judy, the district court concluded that she lacked standing because she wasn't a party to the contract between Larry and SE Property Holdings.  As to Larry, the district court concluded that he had failed to plausibly allege claims for breach of contract, fraud, unjust enrichment, and civil conspiracy against the defendants.  We affirm the dismissal as to Larry but remand as to Judy so that the district court can dismiss her claims without prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

From 2006 to 2011, the Wiremans borrowed tens of millions of dollars from Vision Bank pursuant to a "mortgage, assignment of rents and leases, and security agreement."  In 2012, Vision Bank merged into SE Property Holdings, which acquired Vision Bank's interest in the Wiremans' loans.  The Wiremans defaulted on their loan payments in December 2013 and December 2014.

In February 2018, the Wiremans were again unable to make their payment on the loans.  By this point, the loans had accrued interest and late fees in excess of

---

[1] Because the Wiremans share the same last name, we use their first names when discussing issues relevant to only one of them.

2

$13,000,000. SE Property Holdings and Larry Wireman then negotiated four promissory notes modifying the terms of the loans. SE Property Holdings agreed to waive $13,000,000 in default interest and late fees if Larry Wireman paid by April 30, 2018 the principal balances due on each note, the regular interest accrued on each note, and all attorneys' fees and collection costs.

Two fees related to the Wiremans' loan repayments are at issue here. In March 2018, the Wiremans paid SE Property Holdings almost five million dollars on the loans, which included over a million dollars in "unspecified fees." That's the first fee. SE Property Holdings then notified the Wiremans that the loans weren't fully satisfied because the Wiremans still owed almost a million dollars in attorneys' fees. SE Property Holdings told the Wiremans that the $13,000,000 waiver would be inoperative unless they paid these fees. A portion of these attorneys' fees were a percentage-based collection fee for the "collection efforts" of Southeast Property Solutions, an affiliate of SE Property Holdings. That's the second fee. To avoid having the $13,000,000 waiver revoked, the Wiremans paid the attorneys' fees, including the percentage-based collection fee, allegedly under "duress."

In November 2019, the Wiremans sued SE Property Holdings, Park National (its parent company), and Southeast Property Solutions (its affiliate) in Alabama state court. The Wiremans brought claims for breach of contract, fraud, unjust

3

enrichment, and civil conspiracy.[2]  The defendants removed the case to federal court and then moved to dismiss the Wiremans' complaint for failure to state a claim.

The district court granted the motion to dismiss.  The district court first considered whether Judy had standing.  She didn't, the district court concluded, because she wasn't a party to the promissory notes, and she wasn't an intended third-party beneficiary.  The district court dismissed her claims with prejudice.

On the merits, the district court concluded that Larry failed to state a breach of contract claim against Park National and Southeast Property Solutions because they weren't parties to the promissory notes.  Larry also failed to state a breach of contract claim against SE Property Holdings, the district court concluded, because the promissory notes authorized SE Property Holdings to collect the two fees at issue.  As to the fraud claim, the district court concluded that Larry had failed to satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement because he pleaded only general facts.  The district court also found that the circumstances didn't compel relaxing the heightened pleading requirement.  As to the unjust enrichment claim, the district court concluded that because the existence of a valid contract wasn't in dispute, Larry couldn't plead an unjust enrichment claim as a matter of Alabama law.  Finally, as to the civil conspiracy claim, the district court

---

[2] The Wiremans also brought a breach of fiduciary duty claim against SE Property Holdings.  The district court dismissed the breach of fiduciary duty count for failure to state a claim.  The Wiremans do not appeal the dismissal of this count.

concluded that because the breach of contract, fraud, and unjust enrichment claims failed, there was no underlying tort that could support a civil conspiracy.

## STANDARD OF REVIEW

We review de novo the district court's dismissal of a complaint for failure to state a claim. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Our review is "two pronged": we (1) "eliminate any allegations in the complaint that are merely legal conclusions"; and (2) for any "well-pleaded factual allegations, we assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Am. Dental, 605 F.3d at 1290 (cleaned up).

## DISCUSSION

Larry argues that the district court erred when it concluded that he failed to state a claim for breach of contract, fraud, unjust enrichment, and civil conspiracy. We address each issue in turn.

5

*Breach of Contract*

A claim for breach of contract requires:  (1) a valid contract between the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) damages.  Shaffer v. Regions Fin. Corp., 29 So. 3d 872, 880 (Ala. 2009).  Larry argues that the district court erred by concluding that his breach of contract claim against Park National Corporation and Southeast Property Solutions failed because they weren't parties to the promissory notes.  Larry also argues that he plausibly alleged a breach of contract claim against SE Property Holdings.  We disagree.

Park National and Southeast Property Solutions

Park National and Southeast Property Solutions weren't parties to the contract between Larry and SE Property Holdings.  These entities weren't mentioned by name anywhere in the promissory notes.  The only parties to the promissory notes, identified in the first paragraph of each agreement, were "Larry Wireman" and "SE Property Holdings."  Park National and Southeast Property Solutions couldn't have breached a contract that they weren't parties to or bound by.  See Ligon Furniture Co., Inc., v. O.M. Hughes Ins. Co., 551 So. 2d 283, 285 (Ala. 1989) ("The undisputed evidence reveals that [the defendant] was not a party to [the] insurance contract . . . .  Thus, the trial court properly entered summary judgment [in the defendant's favor] on the claim alleging a breach of the insurance contract.").

6

Larry maintains that Park National and Southeast Property Solutions were parties to the promissory notes because he agreed to release SE Property Holdings's parent company and affiliates from all claims related to the loans. But the mere reference to an entity in a release clause doesn't transform a releasee into a party bound by all the terms of the contract. As the district court explained, "parties to a contract are traditionally defined in the opening paragraph" and not "hidden" inside release clauses. Because the first paragraph of each promissory note plainly identified the parties—"Larry Wireman" and "SE Property Holdings"—we agree with the district court that Park National and Southeast Property Solutions weren't parties to the contract. See State ex rel. Riley v. Lorillard Tobacco Co., Inc., 1 So. 3d 1, 12 (Ala. 2008) ("In construing a contract, this Court is guided by the principle that the intention of the parties controls and the intention of the parties is to be derived from the contract itself, where the language is plain and unambiguous." (cleaned up)).

<u>SE Property Holdings</u>

Larry argues that SE Property Holdings breached the promissory notes by compelling him to pay two fees it wasn't entitled to collect under the contract: first, the "unspecified fees" exceeding one million dollars; and second, the attorneys' fees, including the percentage-based collection fee. Larry also argues that he sufficiently pleaded a breach of contract claim because he only paid these fees out of duress.

7

The terms of the modified promissory notes were straightforward. Larry agreed to pay by April 30, 2018 the principal balances due on each note, the interest accrued on each note, and all attorneys' fees and collection costs. In exchange, SE Property Holdings agreed to waive $13,000,000 in default interest and late fees, reserving the right to collect the default interest should Larry violate the agreement. The district court concluded, and we agree, that Larry didn't plausibly allege that SE Property Holdings breached this agreement.

Larry alleged in his complaint that SE Property Holdings breached the contract by "seeking and accepting monies" not owed to it and which it "was not entitled to collect." As to the "unspecified fees" Larry paid, he alleged that SE Property Holdings charged "a fee of $1,010,538.07 which was not properly disclosed nor [a] permitted fee under the associated loan documents," resulting in a breach of contract. But the loan modification agreement provided that Larry still had to satisfy the principal amount on each loan, as well as "all accrued and unpaid interest" and other "charges," including "all attorneys' fees and costs." Larry didn't allege that the "unspecified fees" he paid exceeded the accrued and unpaid interest and other charges and fees that he owed under the promissory notes. He therefore failed to plausibly allege that SE Property Holdings wasn't entitled to these fees.

As to the percentage-based collection fee, Larry alleged that it had to be "explicitly authorize[d]" by a contract and, because it wasn't explicitly authorized

8

here, SE Property Holdings breached the contract by seeking this fee. But, under the promissory notes, Larry agreed to pay "all attorneys' fees and costs incurred by [SE Property Holdings] in collecting or attempting to collect [the notes], . . . as well as in connection with [the] loan modification." In other words, Larry was required to pay all collection fees related to his loans. His complaint alleged no facts suggesting that the percentage-based collection fee exceeded the costs of collection.

Citing Bradley v. Franklin Collection Service, Inc., 739 F.3d 606, 610 (11th Cir. 2014), Larry maintains that we have held that all percentage-based collection fees have to be explicitly authorized by the contract. We haven't. We held in Bradley that a debt collector violated the Fair Debt Collection Practices Act when it charged a debtor a collection fee based on a percentage of the principal balance of the debt because there was no evidence that the percentage-based fee bore "any correlation to the actual cost" of the collection effort. Id. at 609–10. Bradley is of no help to Larry's breach of contract claim because he didn't plausibly allege that the percentage-based collection fee imposed here exceeded the actual costs of collection or the terms of the loan modification agreement, and he didn't allege a federal claim under the Act.

Finally, Larry argues that he plausibly alleged a breach of contract because he only paid the fees at issue "under duress" to avoid SE Property Holdings's "retaliatory threats" of charging default interest. But the waiver of Larry's default

9

interest was contingent on his compliance with the terms of the promissory notes.

Larry's initial payment in March 2018 didn't fully satisfy his contractual obligation

because there were still outstanding attorneys' fees and collection costs. SE Property

Holdings's "unreasonable retaliatory threats of charging default interest" were

merely its efforts to enforce its rights under the promissory notes.

*Fraud*

When alleging fraud, "a party must state with particularity the circumstances

constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires a plaintiff to plead

specific facts "as to time, place, and substance of the defendant's allegedly

fraudulent acts, when they occurred, and who engaged in them." United States

ex rel. Clausen v. Lab Corp. of Am., 290 F.3d 1301, 1310 (11th Cir. 2002). Larry

argues that the district court erred in dismissing his fraud claim because he satisfied

rule 9(b)'s particularity requirement and, even if he didn't satisfy the particularity

requirement, it should have been relaxed because the factual information supporting

his fraud claim was "peculiarly within the [d]efendants' knowledge or control."

Under Alabama law, the elements of fraud are: "1) a false representation 2)

concerning a material existing fact, which was 3) relied upon by plaintiff 4) to his

detriment." McGowan v. Chrysler Corp., 631 So. 2d 842, 846 (Ala. 1993) (citation

omitted). Here, Larry alleged that the "[d]efendants falsely represented the amounts

they would attempt to collect." They did so, Larry alleged, by not telling him about

10

the "unspecified fees" exceeding a million dollars, and by not telling him about the percentage-based collection fee.

We agree with the district court that Larry failed to satisfy rule 9(b)'s particularity requirement of pleading the who, what, when, where, and how of the fraud. As to the "unspecified fees," Larry didn't allege that the amount of fees was incorrect, what the amount of fees should have been, who from SE Property Holdings did or didn't make representations about the fees, or when any (mis)representations about these fees were allegedly made. Larry's allegation that the defendants failed to tell him about the percentage-based collection fee suffers from the exact same deficiencies. Moreover, Larry sued three different entities but only alleged that the "[d]efendants" falsely represented the amounts he owed, without alleging which of the three defendants made the fraudulent misrepresentations. Without these key details, Larry failed to meet his burden of pleading specific facts as to the time, place, and the substance of the allegedly fraudulent acts, when they occurred, and who engaged in them. See Lab Corp. of Am., 290 F.3d at 1310.

Larry also failed to allege sufficient facts to justify the relaxation of rule 9(b)'s particularity requirement. A "more lenient pleading standard" is appropriate under rule 9(b) when "evidence of fraud [i]s uniquely held by the defendant," provided that "the complaint . . . set[s] forth a factual basis for such belief." See id. at 1314 n.25

11

(internal quotation marks omitted). "[C]onclusory statements are insufficient to justify relaxation." Id. Here, Larry's complaint doesn't contain any allegations whatsoever that the evidence related to the alleged fraud was uniquely held by any of the defendants. Without these necessary factual allegations, the district court correctly concluded that Larry wasn't entitled to the relaxation of rule 9(b)'s particularity requirement.

*Unjust Enrichment*

The district court concluded that Larry's unjust enrichment claim failed as a matter of Alabama law because neither the existence nor the enforceability of a valid contract were in dispute. Larry argues, citing Federal Rule of Civil Procedure 8(d)(3), that because a "party may state as many separate claims or defenses as it has, regardless of consistency," his unjust enrichment claim could coexist with his breach of contract claim.

Under Alabama law, a claim for unjust enrichment is incompatible with a claim for breach of contract where there is no dispute that an express contract existed between the parties. See Univalor Tr., SA v. Columbia Petroleum, LLC, 315 F.R.D. 374, 382 (S.D. Ala. 2016) ("[T]he existence of an express contract extinguishes an unjust enrichment claim altogether because unjust enrichment is an equitable remedy which issues only where there is no adequate remedy at law."), quoted approvingly in Blackmon v. Renasant Bank, 232 So. 3d 224, 229 n.4 (Ala. 2017); Sullivan v.

12

Mazak Corp., 805 So. 2d 674, 674 (Ala. 2000) (See, J., concurring in part and dissenting in part) ("A party cannot recover on a claim of unjust enrichment where there is an enforceable express contract between the parties concerning the same subject matter on which the unjust-enrichment claim rests."); Boyington v. Bryan, 174 So. 3d 347, 358 (Ala. Civ. App. 2014) ("In light of the entry of a judgment in his favor on his breach-of-contract claim, Bryan cannot also succeed on his unjust-enrichment claim."). Here, there was no dispute that an express contract existed between Larry and SE Property Holdings. Larry told the district court that "it is undisputed a valid contract exists." And he reiterates on appeal that a binding contract existed. The promissory notes incorporated into the complaint confirm the terms of this express contract. Because there was no factual dispute that an express contract existed, Larry's unjust enrichment claim failed as a matter of state law. See Boyington, 174 So. 3d at 358.

Larry maintains that because the district court concluded that Park National and Southeast Property Solutions weren't parties to the promissory notes, his unjust enrichment claim against them shouldn't be barred by the express contract between him and SE Property Holdings. But Larry didn't present this argument to the district court, so he can't raise it now for the first time on appeal. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly

held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (cleaned up)).

In any event, this argument fails on the merits. Larry alleged that he paid SE Property Holdings, not Park National or Southeast Property Solutions. Park National and Southeast Property Solutions couldn't have been enriched by money they didn't receive.

*Civil Conspiracy*

The district court concluded that because Larry's other claims failed as a matter of law, there was no underlying tort that could support his civil conspiracy claim. Larry argues that his civil conspiracy claim should have survived because he plausibly alleged a fraud.

Under Alabama law, "a conspiracy cannot exist in the absence of an underlying tort. '[L]iability for civil conspiracy rests upon the existence of an underlying wrong and if the underlying wrong provides no cause of action, then neither does the conspiracy.'" Willis v. Parker, 814 So. 2d. 857, 867 (Ala. 2001) (quoting Jones v. BP Oil Co., 632 So. 2d 435, 439 (Ala. 1993)). Because Larry didn't plausibly allege fraud, as we explained above, the district court correctly concluded that he failed to establish an underlying tort that could support his claim for civil conspiracy. Thus, we affirm the dismissal of this count too.

14

*Judy's Lack of Standing*

The district court did make one error; it dismissed Judy's claims with prejudice. "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction" under rule 12(b)(1). Cone Corp. v. Fla. Dep't of Transp., 921 F.2d 1190, 1203 n.42 (11th Cir. 1991). Thus, a "dismissal for lack of subject matter jurisdiction is not a judgment on the merits" and should be "entered without prejudice." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008). We remand for the district court to dismiss Judy's claims without prejudice. See id. at 1235 ("[S]ince the district court did not have subject matter jurisdiction in this case, Stalley's complaint should have been dismissed without prejudice. Therefore, we remand with instructions that the district court reenter its judgment accordingly.").

## CONCLUSION

We affirm the dismissal of Larry's claims. We remand for the limited purpose of having the district court dismiss Judy's claims without prejudice.

**AFFIRMED AND REMANDED.**

15